IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICIA McCURDY,

        Plaintiff,                              CIV S-05-0634 WBS EFB

    vs.

METROPOLITAN LIFE
INSURANCE COMPANY, et al.,                 <u>ORDER</u>

        Defendants.
_____/

       This case was before the undersigned on February 28, 2007, for hearing on plaintiff's motion for leave to conduct discovery outside the administrative record. Plaintiff brings this action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* and, ordinarily, such claims are resolved on review of an administrative record. Jesse S. Kaplan appeared as plaintiff's counsel, and William Lee appeared as defense counsel. Following the hearing and pursuant to the court's order, the parties submitted additional briefing on the issue of proposed discovery concerning the "reserve" amounts set by defendants with respect to plaintiff's claim for disability benefits. Having reviewed all submitted materials, the court issues the following order.

////

////

1

## I. BACKGROUND

Plaintiff's ERISA claim is brought under 29 U.S.C. §§ 1132(e)(1) and (f), and seeks to recover benefits under a long term disability insurance policy (the "Plan") insured by Metropolitan Life Insurance Company ("MetLife") and provided by plaintiff's former employer, Bank of America (collectively, "defendants").  Plaintiff was a full-time employee of Bank of America until October 16, 2002, when she ceased working due to alleged impairments, including insulin-dependent diabetes with lower extremity edema, hypertension, right shoulder tendinitis, and panic attacks.  Subsequent to ceasing employment, plaintiff made a claim for benefits under the Plan, which contained a discretionary clause giving the plan administrator (MetLife) discretion to determine eligibility for benefits.  MetLife both administers the Plan and funds it.  Plaintiff's claim for benefits was denied at all levels of the administrative process.  Accordingly, she filed the present action seeking review of the administrator's denial of benefits.  Presently before the court is plaintiff's motion for leave to conduct discovery outside the administrative record.

## II. ANALYSIS

### A. Standard of Review in ERISA Cases and Scope of Discovery

In ERISA cases, when a plan administrator's decision is reviewed by the district court, the default standard of review is *de novo*. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006).  However, if the Plan confers discretionary authority on the plan administrator (as it does in the this case), then the standard of review is abuse of discretion.  *Id.* (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)).  The Ninth Circuit has held that where an insurer acts as both the plan administrator and the funding source for benefits (as it does in this case), it operates under what may be termed a structural conflict of interest. *Abatie*, 458 F.3d at 965 (citing *Tremain v. Bell Indus., Inc.*, 196 F.3d 970, 976 (9th Cir. 1999)). In light of such a conflict, the Ninth Circuit – prior to *Abatie* – would engage in a burden-shifting analysis to determine the appropriate standard of review.  *See Atwood v. Newmont Gold Co.*, 45

F.3d 1317 (9th Cir. 1995). Under the rubric set forth in *Atwood*, if the plaintiff could come forward with "material probative evidence" showing the administrator's self-interest affected its denial of benefits, then the administrator would have to come forward with evidence to the contrary. If it could not, then the court would review the denial of benefits *de novo*, rather than for abuse of discretion. The Ninth Circuit overturned *Atwood's* burden-shifting paradigm in *Abatie*, and held that abuse of discretion is the appropriate standard of review where a plan contains a discretionary clause. When the standard of review is abuse of discretion, the district court must base its ultimate decision on the merits only on the administrative record, and not on extrinsic evidence. *Abatie*, 458 F.3d at 970. However, the Court in *Abatie* affirmed that district courts still have discretion to consider evidence beyond what is contained in the administrative record, even where the standard is abuse of discretion:

> A subtler question arises when a court must decide how much weight to give a conflict of interest under the abuse of discretion standard. In making that determination, the court may consider evidence outside the record. . . . Although a district court may review only the administrative record when considering whether the plan administrator abused its discretion. . . . *it may, in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest*. . . .

*Abatie*, 458 F.3d at 970 (emphasis added) (citations omitted). Thus, while a district court's decision may not rest on evidence extrinsic, it may nonetheless consider such evidence to "decide the nature, extent, and effect on the decision-making process of any conflict of interest." *Id.*

Given the appropriateness of considering such extrinsic evidence on the conflict questions, it logically follows that a party should is entitled to conduct discovery beyond the scope of the administrative record – even if only for the limited purpose set forth in *Abatie*.

   **B.  Plaintiff's Discovery Requests**

Plaintiff has submitted six separate discovery requests. The court addresses each request below.

3

### 1. **Plaintiff's First Request**

Plaintiff requests "any and all policies, riders, amendments, and other indicia of insurance reflecting or constituting the plan coverage involved herein." At the February 28, 2007, hearing, defendant MetLife represented that it had produced all such information to plaintiff as part of the administrative record. Because the requested documents constitute part of the administrative record, which the district court must consider when reviewing the administrator's denial of benefits, they are, under *Abatie*, appropriate discovery requests if, in fact, they were not included in the record previously produced by the defendant. As noted, the defendant has represented that the documents were included in the record it produced. Accordingly, MetLife shall provide plaintiff with a verified, written response confirming that all the items requested above have been provided to plaintiff as part of the administrative record.

### 2. **Plaintiff's Second Request**

Plaintiff further requests "all documents in the possession, custody, or control of defendants referring, reflecting, relating, or pertaining to plaintiff and plaintiff's claim that defendants contend are *not* part of the administrative record of plaintiff's claim proceeding." Again, at the hearing, defendant MetLife represented that it has produced everything related to plaintiff's claim. Accordingly, in order to obviate any future dispute on this issue, MetLife shall provide plaintiff with a verified, written response to that effect.

### 3. **Plaintiff's Third Request(s)**

Plaintiff's third request is multi-tiered, and by plaintiff's own characterization thereof, relates to issues concerning California's policy with respect to discretionary clauses in plans such as the one in this case. In particular, plaintiff requests:

> "All documents constituting or containing any discretionary clause, or other language or basis, defendants contend affects the standard of review to be applied by the court in this action; all documents constituting, containing, referring to, or reflecting any agreement between the two defendants, or the defendants and any entity relating to Bank of America, that any such discretionary clause(s), or language or basis, would be part of the documents responsive to (3), including any consideration given for

4

> inclusion of such discretionary clause(s), or language or basis, and any negotiations regarding them; all documents constituting, containing, referring, or reflecting the authorization for any such discretionary clause(s), or language or basis, including by the California Insurance Commissioner, by the Plan, and by any person or entity relating to Bank of America; and, the names, addresses, and telephone numbers of each individual likely to have discoverable information regarding [these] subjects. . . ."

Plaintiff's Amended Notice of Motion for Leave to Conduct Discovery, at 1-2. These requests are denied, except to the extent that defendants shall provide plaintiff with written, verified responses on the issue of whether or not the discretionary clause contained in the Plan was approved by the California Department of Insurance. Defendants shall also provide any relevant documentation showing either the approval or non-approval of the clause.

The balance of plaintiff's "third request" is denied. It is undisputed that the Plan contains a discretionary clause, and that under *Abatie*, the appropriate standard of review is abuse of discretion. Plaintiff's argument that the standard of review should change because the Plan's discretionary clause may be void as against public policy pursuant to California law is ill-taken. Regardless of any underlying state policy disfavoring discretionary clauses, the United States Supreme Court has approved of such clauses and held that administrator's decisions made pursuant to such clauses should be reviewed for abuse of discretion. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *see also Hansen v. Unum Life Ins. Co.*, 2004 U.S. Dist. LEXIS 22995, at *30 (E.D. Cal. Oct. 21, 2004) (holding that Cal. Ins. Code § 10291.5 falls within ERISA's preemptive scope as it clearly relates to an employee benefit plan).[1]

---

[1] On February 26, 2004, in a letter opinion to a plaintiff in an action before the United States District Court for the Northern District of California, the Chief Counsel for the California Insurance Commissioner explained that it was the opinion of the Department of Insurance that "all such discretionary clauses in disability insurance contracts violate California law and deprive insureds of protections to which they are entitled." February 26, 2004 Letter Opinion per Cal. Ins. Code § 12921.9: Discretionary Clauses ("Letter Opinion"), at 1. Specifically, the Letter Opinion concluded that discretionary clauses render the contract "unintelligible, uncertain, ambiguous, abstruse and likely to mislead" in violation of Cal. Ins. Code § 10291.5(b)(1) because the clauses negate operative terms of the contract and may cause insureds to believe a

### 4. **Plaintiff's Fourth Request**

Plaintiff additionally requests "all documents constituting, reflecting, or pertaining to the reserve set, or mandated for, this claim."

As requested by the court, the parties have submitted additional briefing on whether or not plaintiff should be allowed to conduct discovery concerning the reserve amount set for plaintiff's claim. Defendant MetLife asserts that such information is irrelevant for two reasons. First, MetLife asserts that "state law mandates that reserves are set for each claim, and therefore, reserves do not indicate any intent or subjectivity on the insurer's part." MetLife argues that it has found no authority that discovery of reserve information is allowed outside the context of "bad faith" insurance actions. Indeed, in the context of such "bad faith" actions, courts have found that reserve information is relevant, for example, with regard to an insurer's intent in deciding not to defend or settle a claim. *See, e.g., American Protection Ins. Co. v. Helm Concentrates, Inc.*, 140 F.R.D. 448, 449-50 (E.D. Cal. 1991). Second, MetLife argues that the two claims representatives who reviewed and made determinations regarding plaintiff's claim and appeal were unaware of the reserve amounts set for plaintiff's claim, and were therefore not influenced by it. MetLife supports these assertions with sworn declarations by those claims representatives. Plaintiff attacks those declarations, arguing that they fail to aver that the two declarants were the actual decisionmakers who denied plaintiff's claim. The court agrees that based on the information provided by MetLife, it is not entirely clear whether there were other representatives involved with the decision to deny plaintiff's claims.

Further, MetLife cites no authority for the proposition that discovery concerning the reserve amount set for plaintiff's claim is precluded. Even though the amount of a reserve is, at least in part, determined by state law, *American Protection*, 140 F.R.D. at 449, defendant has not

---

denial of benefits is unreviewable. Letter Opinion at 1. This court agrees with the holding in *Hansen* that these state law provisions are not controlling given ERISA's preemptive effect on employee benefit plans.

shown that the reserve is irrelevant with respect to the administrator's decision to deny benefits when, as here, the administrator also funds the Plan. Under *Abatie*, such evidence may shed light on the admitted "structural conflict of interest" present in this case. *Abatie*, 458 F.3d at 965. The district court may consider such evidence in determining what weight to give to that conflict. *Id.* at 970. Accordingly, plaintiff's fourth request is granted, and MetLife shall produce "all documents constituting, reflecting, or pertaining to the reserve set, or mandated for, this claim."

### 5. **Plaintiff's Fifth Request**

Plaintiff also requests "all in-house, Metropolitan Life Insurance Company, documents, including claim and procedural manuals, guidelines, bulletins, and memoranda, describing or pertaining to the handling of disability claims in general, and disability claims involving diabetes, peripheral edema, and anxiety claims in particular."

The court finds that such information is discoverable in light of *Abatie*, which specifically noted the relevance of whether or not an administrator has complied with the procedural requirements dictated by the Plan. *Abatie*, 458 F.3d at 971 (noting that although an administrator's failure to comply with procedural requirements ordinarily does not alter the standard of review, there are "some situations in which procedural irregularities are so substantial as to alter the standard of review."). "When an administrator engages in wholesale and flagrant violations of the procedural requirements of ERISA, and thus acts in utter disregard of the underlying purpose of the plan as well, we review *de novo* the administrator's decision to deny benefits. We do so because, under *Firestone*, a plan administrator's decision is entitled to deference only when the administrator exercises discretion that the plan grants as a matter of contract." *Id.* (citing *Firestone*, 489 U.S. at 111). Given the relevance of an administrator's adherence to procedural requirements, plaintiff is entitled to conduct discovery thereon.

Accordingly, plaintiff's "fifth" request is granted with some modifications, as discussed at the February 28, 2007, hearing. MetLife shall produce to plaintiff "all in-house, Metropolitan

1 Life Insurance Company, documents, including claim and procedural manuals, guidelines,
2 bulletins, and memoranda, describing or pertaining to the handling of disability claims, disability
3 claims involving diabetes, peripheral edema, and anxiety claims in particular." Such production
4 shall be limited to the time period during which plaintiff's claim was being processed, and shall
5 be produced, where applicable, in accordance with the terms of the stipulated protective order
6 separately entered in this action.

### 6. Plaintiff's Sixth Request

Finally, plaintiff requests "the names, addresses, and telephone numbers of all individuals who provided medical or vocational information referring, relating, or pertaining to the administrative determination of plaintiff's claim, and of all individuals who authored, advised, supervised, or contributed to the writing of, the administrative denials of that claim."

Again, at the hearing, MetLife represented that it had already produced all such information as part of the administrative record. Accordingly, in order to eliminate any future dispute on this issue, MetLife shall provide plaintiff with a verified, written response to that effect.

### III. CONCLUSION

In accordance with the foregoing, plaintiff's request to conduct discovery outside the administrative record is granted in part and denied in part:

1. MetLife shall provide plaintiff with verified, written responses to plaintiff's first, second, and sixth discovery requests, as set forth above;

2. Defendants shall provide plaintiff with written, verified responses on the issue of whether or not the discretionary clause contained in the plan was approved by the California Department of Insurance. Defendants shall also provide any relevant documentation showing either the approval or non-approval of the clause;

3. MetLife shall produce all documents constituting, reflecting, or pertaining to the reserve set, or mandated for, plaintiff's claim;

4. MetLife shall produce to plaintiff all in-house, Metropolitan Life Insurance Company, documents, including claim and procedural manuals, guidelines, bulletins, and memoranda, describing or pertaining to the handling of disability claims, disability claims involving diabetes, peripheral edema, and anxiety claims in particular. Such production shall be limited to the time period during which plaintiff's claim was being processed, and shall be produced, where applicable, in accordance with the terms of the stipulated protective order separately entered in this action.

IT IS SO ORDERED.

DATED: March 23, 2007.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9